** PART I **
RE: REQUEST FOR AN OPINION RELATING TO THE COMMISSIONERS OF THE LAND OFFICE'S AUTHORITY UNDER SECTION 11 OF SENATE BILL NO. 37, 1989 SESSION LAW, CH., P.
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OPINION REGARDING THE CONSTITUTIONAL PROPRIETY OF SECTION 11 OF SENATE BILL NO. 37, 1989 OKLA. SESS. LAWS, CH. P.. AS YOU KNOW, FROM YOUR CONVERSATIONS WITH OUR FIRST ASSISTANT, SUSAN LOVING, THE QUESTION YOU POSED IS NOT ONE THAT LENDS ITSELF TO THE ISSUANCE OF A FORMAL ATTORNEY GENERAL'S OPINION, AS THE QUESTION DOES NOT TURN SOLELY UPON QUESTIONS OF LAW, BUT RATHER ALSO TURNS ON QUESTIONS OF FACT. THIS BEING THE CASE, WE ADDRESS YOUR INQUIRES BY WAY OF THE FOLLOWING INFORMAL LEGAL MEMORANDUM.
QUESTION PRESENTED
AT SECTION 11 OF SENATE BILL NO. 37 OF THE FIRST REGULAR SESSION OF THE 42ND LEGISLATURE, THE OKLAHOMA LEGISLATURE APPROVED THE EXPENDITURE OF SCHOOL LAND TRUST FUNDS FOR THE IMPROVEMENT AND DEVELOPMENT OF TRUST LANDS UPON WHICH OKLAHOMA CITY COMMUNITY COLLEGE IS LOCATED, PROVIDING AS FOLLOWS:
 "THE OKLAHOMA LEGISLATURE HEREBY APPROVES AN EXPENDITURE OF MONIES, NOT TO EXCEED TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) BY THE COMMISSIONERS OF THE LAND OFFICE FOR THE PURPOSE OF IMPROVING AND DEVELOPING THE TRUST LANDS UPON WHICH OKLAHOMA CITY COMMUNITY COLLEGE IS LOCATED. THE RATE OF RETURN ON SAID TRUST LANDS SHALL BE PURSUANT TO AN AGREEMENT ENTERED INTO BY THE COMMISSIONERS OF THE LAND OFFICE AND THE BOARD OF REGENTS OF OKLAHOMA CITY COMMUNITY COLLEGE. PROVIDED FURTHER, THAT THE OKLAHOMA CITY COMMUNITY COLLEGE SHALL NOT USE STATE APPROPRIATED FUNDS FOR LEASE PAYMENTS SPECIFIED UNDER THE TERMS OF SAID AGREEMENT."
YOU ASK, IN LIGHT OF PROVISIONS OF THE STATE ENABLING ACT, ARTICLE IX 11 OF THE OKLAHOMA CONSTITUTION, AND VARIOUS PROVISIONS OF TITLE 64 O.S. OF THE OKLAHOMA STATUTES, WHETHER THE COMMISSIONERS OF THE LAND OFFICE MAY CONSTITUTIONALLY EXPEND UP TO $2.5 MILLION OF SCHOOL LAND TRUST FUNDS TO IMPROVE AND DEVELOP TRUST LANDS BY CONSTRUCTING A SWIMMING POOL ON THE SCHOOL LAND AT OKLAHOMA CITY COMMUNITY COLLEGE.
ESTABLISHMENT OF THE SCHOOL LAND TRUST AND OKLAHOMA'S ACCEPTANCE OF THE TRUST.
AS YOU KNOW, IN 1906, THE UNITED STATES CONGRESS ENACTED LEGISLATION TO ENABLE THE PEOPLE OF OKLAHOMA AND INDIAN TERRITORY TO FORM A CONSTITUTION AND STATE GOVERNMENT AND BE ADMITTED INTO THE UNION ON EQUAL FOOTING WITH THE ORIGINAL STATES. IN THIS ACT, THE OKLAHOMA ENABLING ACT, (ACT OF CONGRESS JUNE 16, 1906, 34 U.S.ST. AT LARGE, P. 267 ET.) CONGRESS ESTABLISHED THE OKLAHOMA SCHOOL LAND TRUST. AT SECTION 7 OF THE ENABLING ACT, CONGRESS PROVIDED THAT UPON THE ADMISSION OF OKLAHOMA INTO THE UNION, SECTIONS 16 AND 36 IN EACH TOWNSHIP IN OKLAHOMA TERRITORY AND OTHER LANDS WOULD BE GRANTED TO THE STATE IN TRUST, FOR THE USE AND BENEFIT OF COMMON SCHOOLS. ADDITIONALLY, CONGRESS APPROPRIATED 5 MILLION DOLLARS TO BE HELD AND INVESTED BY THE STATE IN TRUST FOR THE USE AND BENEFIT OF COMMON SCHOOLS.
THE ENABLING ACT AT SECTION 8 GRANTED SECTION 13 LANDS IN VARIOUS PORTIONS OF THE STATE TO THE STATE FOR THE USE AND BENEFIT OF THE UNIVERSITY OF OKLAHOMA, THE UNIVERSITY PREPARATORY SCHOOL, NORMAL SCHOOLS, THE AGRICULTURAL AND MECHANICAL COLLEGES AND THE COLORED AGRICULTURE NORMAL SCHOOL. IN THAT SECTION, THE ENABLING ACT ALSO RESERVED SECTION 33 LAND TO THE STATE TO BE USED FOR CHARITABLE AND PENIAL INSTITUTIONS AND PUBLIC BUILDINGS.
IN BOTH OF THESE GRANTING SECTIONS, AS WELL AS SECTION 9 AND 10 OF THE ENABLING ACT, CONGRESS PUT VARIOUS RESTRICTIONS ON THE USE OF THE GRANTED TRUST LANDS. FOR EXAMPLE, IN SECTION G THE ACT PROVIDES THAT SECTION 16 AND 36 LANDS COULD, UNDER SUCH REGULATIONS AS THE LEGISLATURE MAY PRESCRIBE, BE LEASED FOR PERIODS NOT TO EXCEED TEN YEARS.
THE LANDS GRANTED TO THE STATE IN THE ENABLING ACT WERE ACCEPTED BY OKLAHOMA IN ARTICLE XI, SECTION 1 OF THE OKLAHOMA CONSTITUTION, WHICH ACCEPTED SUCH GRANTS FOR THE USES AND PURPOSES DESIGNATED, AND UPON THE CONDITIONS AND LIMITATIONS CONTAINED IN THE GRANTS AND DONATIONS. IN ACCEPTING THE TRUST THE PEOPLE PLEDGED THE FAITH OF THE STATE TO PRESERVE THE GRANTED LANDS AND DONATED MONEYS AS A SACRED TRUST:
 "THE STATE HEREBY ACCEPTS ALL GRANTS OF LAND AND DONATIONS OF MONEY MADE BY THE UNITED STATES UNDER THE PROVISIONS OF THE ENABLING ACT, AND ANY OTHER ACTS OF CONGRESS, FOR THE USES AND PURPOSES AND UPON THE CONDITIONS, AND UNDER THE LIMITATIONS FOR WHICH THE SAME ARE GRANTED OR DONATED; AND THE FAITH OF THE STATE IS HEREBY PLEDGED TO PRESERVE SUCH LANDS AND MONEYS AND ALL MONEYS DERIVED FROM THE SALE OF ANY OF SAID LANDS AS A SACRED TRUST, AND TO KEEP THE SAME FOR THE USES AND PURPOSES FOR WHICH THEY WERE GRANTED OR DONATED."
IN CONFORMITY WITH THE ENABLING ACT PROVISIONS, VARIOUS OTHER PROVISIONS OF ARTICLE XI OF THE OKLAHOMA CONSTITUTION PROVIDE FOR THE STATE'S MANAGEMENT OF THE LANDS AND MONEYS GRANTED IN TRUST. THE COMMISSIONERS OF THE LAND OFFICE AND THE STATE, IN ADMINISTERING THE SCHOOL LANDS AND FUNDS GRANTED THE STATE IN THE ENABLING ACT HAVE BEEN HELD TO ACT AS TRUSTEES. E.G., OKLAHOMA ED. ASS'N. INC. V. NIGH, 642 P.2D 230, 235 (OKLA. 1982), AND WEISS V. COMMISSIONERS OF THE LAND OFFICE, 75 P.2D 1142, 1143 (OKLA. 1938). THE OKLAHOMA SUPREME COURT HAS HELD THAT THE STATE HAS AN IRREVOCABLE DUTY, AS TRUSTEE, TO MANAGE THE TRUST ESTATE FOR THE EXCLUSIVE BENEFIT OF THE BENEFICIARIES, AND RETURN FULL VALUE FOR THE USE AND DISPOSITION OF TRUST PROPERTY. OKLAHOMA ED. ASS'N INC. V. NIGH, 640 P.2D 230, 235 (OKLA. 1982). THE REGULATIONS ON TRUST MANAGEMENT IN THE OKLAHOMA ENABLING ACT HAVE BEEN HELD, BY THE OKLAHOMA SUPREME COURT, TO BE WITHIN THE REGULATING POWER OF CONGRESS AND THEREFORE VALID LAWS OF THE UNITED STATES. STATE AND WILLIAMSON V. COMMISSIONERS OF THE LAND OFFICE, 301 P.2D 655, 659 (OKLA. 1956). THE PROVISIONS OF THE ENABLING ACT DEALING WITH THE DISPOSITION OF FEDERALLY GRANTED LANDS AND THE PROCEEDS DERIVED THEREFROM AND OKLAHOMA'S ACCEPTANCE OF THE FEDERAL GRANT, UNDER THE CONDITIONS SPECIFIED "CONSTITUTES AN IRREVOCABLE COMPACT BETWEEN THE UNITED STATES AND OKLAHOMA". OKLAHOMA ED. ASS'N INC. V. NIGH, 642 P.2D 230, 235 (OKLA. 1982) AND STATE EX REL. WILLIAMSON V. COMMISSIONERS OF THE LAND OFFICE, 301 P.2D 655, 659 (OKLA. 1956).
IN STATE EX REL. WILLIAMSON V. COMMISSIONERS OF THE LAND OFFICE, 301 P.2D 655 OKLA. 1956), THE STATE, THROUGH ATTORNEY GENERAL MAC Q. WILLIAMSON, BROUGHT AN ORIGINAL ACTION IN THE OKLAHOMA SUPREME COURT TO ENJOIN THE COMMISSIONERS OF THE LAND OFFICE AND OTHER OFFICIALS FROM COMPLYING WITH NEWLY AMENDED PROVISIONS OF THE OKLAHOMA CONSTITUTION WHICH, AS AMENDED, REQUIRED THAT ROYALTIES, BONUSES, RENTALS AND OTHER MONIES DERIVED FROM OIL AND GAS LEASES ON LANDS GRANTED TO OKLAHOMA FOR THE USE AND BENEFIT OF COMMON SCHOOLS BE DEPOSITED IN THE STATE PUBLIC COMMON SCHOOL BUILDING EQUALIZATION FUND. NOTING THAT ENABLING ACT PROVISIONS SPECIFICALLY REQUIRED THAT PROCEEDS DERIVED FROM OIL AND GAS LEASES ON GRANTED LAND SHOULD BE HELD BY THE STATE AS A PERMANENT TRUST FUND, WITH ONLY THE INTEREST OR INCOME DERIVED FROM INVESTMENT OF THE TRUST EVER TO BE SPENT, THE OKLAHOMA SUPREME COURT, FOUND THAT THE NEWLY AMENDED PROVISION OF THE OKLAHOMA CONSTITUTION WAS IN CONFLICT WITH THE ENABLING ACT. SO FINDING, THE COURT HELD THAT THE NEW PROVISIONS OF THE OKLAHOMA CONSTITUTION WERE INVALID. ACCORDINGLY, THE SUPREME COURT ENJOINED THE COMMISSION AND OTHER STATE OFFICIALS FROM COMPLYING WITH THE NEW CONSTITUTIONAL PROVISIONS:
 "(S)AID REGULATIONS (ENABLING ACT PROVISIONS) EXISTS AS VALID LAWS OF THE UNITED STATES, WHICH MAY NOT BE MODIFIED, RESTRICTED OR CHANGED BY AN ACT OF THE OKLAHOMA LEGISLATURE OR THE PEOPLE OF OKLAHOMA IN AMENDMENT TO THE OKLAHOMA CONSTITUTION."